UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-81132-CIV-RYSKAMP/VITUNAC

TOWNHOUSES OF HIGHLAND BEACH
CONDOMINIUM ASSOCIATION, INC.,

    Plaintiff,

v.

QBE INSURANCE CORP.,

    Defendant.
_____/

**ORDER DENYING MOTION TO DISMISS**

THIS CAUSE comes before the Court pursuant to Defendant QBE Insurance Corp.'s Motion to Dismiss, filed March 7, 2007 **[DE 16]**. Plaintiff Townhouses of Highland Beach Condominium Association, Inc. responded on March 21, 2007 **[DE 20]**. Defendant QBE Insurance Corp. did not reply. This motion is ripe for adjudication.

## I.    BACKGROUND

Plaintiff Townhouses of Highland Beach Condominium Association, Inc. ("Plaintiff"), a Florida corporation, is a 72 unit condominium located in Highland Beach, Palm Beach County, Florida. (Compl., 3.) Defendant QBE Insurance Corp. ("Defendant"), a foreign corporation, is an insurance carrier authorized by the State of Florida to transact insurance and is transacting insurance in Palm Beach County, Florida. (Compl., 4.) Defendant issued Insurance Policy Number QF3127-05 ("Policy"), which provided property coverage to Plaintiff for the 12 month period commencing February 8, 2005. (Compl., 5.)

On or about October 24, 2005, Hurricane Wilma struck Highland Beach, Florida.

Plaintiff sustained significant wind and water damage to its roof, exterior and interior. Plaintiff sustained damages in excess of 1.5 million and timely reported its claim for damages to Defendant. (Compl., 7, 8 .) Defendant has failed to advance any insurance proceeds or otherwise pay the claim. Plaintiff alleges that Defendant has otherwise failed to investigate promptly, adjust, pay and/or settle its claim for hurricane damages. (Compl., 8.)

Count I seeks a declaratory judgment that the Policy is valid and enforceable and that Plaintiff is entitled to property insurance coverage for its damage claim. Plaintiff further requests declaratory judgment that the co-insurance payments are void because the Policy fails to comply with Florida statutes section 627.701. Count II is a claim for breach of contract for failure to provide coverage. Count III is a claim for breach of contract for breach of implied warranty of good faith and fair dealing. Count IV is a claim for violation of Florida statutes section 627.701, alleging that the Policy fails to state in the appropriate size font that the policy contains a separate hurricane deductible, improperly uses the term "windstorm" instead of "hurricane losses," and fails to contain a separate statement that the Policy contains a co-pay provision that could potentially result in extra expenses for hurricane losses.

Defendant moves to dismiss Count I for failure to specify whether the request for declaratory relief is pursuant to 28 U.S.C. § 2201 or Fla. Stat. sec. 86.011. Defendant moves to dismiss Count III on the grounds that a claim for bad faith is premature. Finally, Defendant seeks to dismiss Count IV for failure to state a cause of action, maintaining that a policy that fails to contain a proper coinsurance clause is void and may not be the vehicle for a claim for damages.

3

## II. LEGAL STANDARD

The Court will not dismiss this action for lack of jurisdiction simply because the Amended Complaint does not specify whether federal or state law underpins the declaratory relief count. The jurisdiction of this Court is based upon 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and because there is complete diversity of citizenship between the parties. The Declaratory Judgment Act is procedural in nature and is not an independent basis for federal jurisdiction. See Shilling v. Rogers, 363 U.S. 666, 677, 80 S.Ct. 1288, 1295 (1960) (Declaratory Judgment Act is not an independent source of federal jurisdiction); Aetna Life Insurance Co. v. Haworth, 300 U.S. 227, 240, 57 S.Ct. 461, 463 (1937) (Declaratory Judgment Act is only procedural). In diversity cases seeking declaratory relief, the federal court applies state law on the substantive issues presented in the declaratory judgment action. See State Farm Fire & Cas. Co. v. Sweat, 547 F. Supp. 233, 239 n.14 (N.D. Ga. 1982); Erie Railroad Co. v. Tompkins, 304 U.S. 64, 78-80, 58 S.Ct. 817, 822-23 (1938). Yet federal law determines whether a federal court can and may properly render a declaratory judgment. See Cincinnati Ins. Co. v. Holbrook, 867 F.2d 1330, 1332-33 (11th Cir. 1989), *abrogated on other grounds* by Wilton v. Seven Falls Co., 515 U.S. 277, 115 S.Ct. 2137 (1995); State Farm Fire, 547 F. Supp. at 238-39. State law determines the substantive rights and duties of the parties to an insurance contract, the question of justiciability is a federal issue to be determined only by federal law. See Holbrook, 867 F.2d at 1333.

4

### III.     DISCUSSION

Here, both federal and Florida law provides for resolution of insurance coverage disputes seeking declaratory judgments. Accordingly, Defendant is on notice of Plaintiff's claims for relief because this Court must apply state law to determine the substantive rights and duties of the parties to the contract.

Defendant's cases to the contrary are inapposite. De Sisto College v. Line, 888 F.2d 755 (11th Cir. 1989) does not address the pleading requirements of declaratory judgment actions, but merely states in a footnote the counts of the complaint at issue. Similarly, Field v. Nat'l Life Insurance Co., 2001 U.S. Dist. LEXIS (M.D. Fla. 2001), fails to mention the pleading requirements for a declaratory judgment action, but points out that application of state substantive law warranted the same result, albeit for different reasons, as application of federal law regarding the computation of the amount in controversy for diversity jurisdictional issues. These cases do not require a party to plead a statutory basis for declaratory relief.

Count III alleges a claim for breach of contract for breach of the implied warranty of good faith and fair dealing and does not assert a claim for statutory bad faith. Under Florida law, the covenant of good faith and fair dealing is implied in every contract, requiring the parties to follow standards of good faith and fair dealing designed to protect the parties' reasonable contractual expectations. See Centurion Air Cargo, Inc. v. United Parcel Service Co., 420 F.3d 1146, 1151 (11th Cir. 2005); Cibran v. BP Products North America, Inc., 375 F. Supp. 2d 1355, 1359 (S.D. Fla. 2005). A claim for breach of the implied covenant of good faith and fair dealing cannot be maintained in the absence of a breach of an express term of the contract. See Centurion Air Cargo, 420 F.3d at 1152. The implied covenant of good faith and fair dealing is

usually an issue when the question is not resolved by the terms of the contract or when one party may make a discretionary decision without defined standards. See Publix Supermarkets, Inc. v. Wilder Corp. of Delaware, 876 So.2d 652, 654 (Fla. 2d DCA 2004). Where there are no standards for exercising discretion, the implied covenant protects contracting parties' reasonable commercial expectations. See id. at 655. In contrast, an action for first party bad faith consists of an insurer's wrongful refusal to settle a claim accruing directly to its own insured. See Brookins v. Goodson, 640 So.2d 110, 114 (Fla. 4th DCA 1994), *disapproved on other grounds by* State Farm Mut. Auto Ins. Co. v. Laforet, 658 So.2d 55 (Fla. 1995). Furthermore, an action for bad faith is extra contractual in nature and relates to the duties of an insurer as defined by statute, not the express terms of the contract. See Pastor v. Union Central Life Ins. Co., 184 F. Supp. 2d 1301, 1306 (S.D. Fla. 2002). An action for implied warranty of good faith and fair dealing on the other hand, relates to the express contractual provision breached and does not contemplate the parties' wrongful conduct, only whether a contractual term was breached and whether the parties' reasonable contractual expectations have been thwarted. See Cibran, 375 F. Supp.2d at 1359-60. Furthermore, statutory bad faith may only be established after a breach of the insurance contract, whereas the implied covenant of good faith and fair dealing exists in every contract in Florida. See id.

     Here, Plaintiff has alleged a claim for breach of the implied warranty of good faith and fair dealing by alleging a breach of an express term of the insurance policy. Other Florida and federal courts have permitted actions for breach of the implied warranty of good faith and fair dealing in insurance coverage cases involving property damage loss due to a hurricane. See Langhorne v. Fireman's Fund Ins. Co., 432 F. Supp. 2d 1274 (N.D. Fla. 2006) (insured brought

action against insurer for breach of contract, breach of implied warranty of good faith and fair dealing and declaratory judgment to recover under homeowners' insurance policy for damages resulting from Hurricane Ivan). Plaintiff has properly alleged that an express term of the contract has been breached, and the Policy, which is attached to be Amended Complaint, states the mechanism by which the insured is to adjust, investigate and pay claims. For example, the Policy states that Defendant will determine the value of the lost or damaged property or the cost of repair and replacement, but there is no time frame for these determinations or other specific conditions about how valuations will be made or replacement cost will be determined, all of which are implied terms.

Count IV is an action for violation Fla. Stat. 627.701 for failure to designate properly the coinsurance provision in the Policy. Defendant argues that this Count fails to state a cause of action because any coinsurance provision failing to comply with the statutory requirements is void. While courts have found that coinsurance provisions failing to comply with the statutory requirements are void, see U.S. Fire Ins. Co. v. Roberts, 541 So.2d 1297, 1299 (Fla. 1st DCA 1989), Defendant has cited no case law stating that such is necessarily the only remedy. Significantly, the Policy contains a separate hurricane deductible. Whether the deductible will be applied in the amount of the deductible will have a significant impact on the amount of damages awarded to Plaintiff should it prevail.

### IV.   CONCLUSION

THE COURT, being fully advised and having considered the pertinent portions of the record, hereby

7

ORDERS AND ADJUDGES that Defendant QBE Insurance Corp.'s Motion to Dismiss, filed March 7, 2007 **[DE 16]**, is DENIED.

DONE AND ORDERED at Chambers in West Palm Beach, Florida this 21st day of June, 2007.

<u>Kenneth L. Ryskamp</u>
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE
